

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL

February 7, 2018

Judge Vince Chhabria
San Francisco Courthouse
Courtroom 4 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *State of California v. Trump*, No. 3:17-cv-05895 (VC)

Dear Judge Chhabria:

    I represent plaintiff State of New York in the above-captioned proceeding. I submit this letter to advise the Court of recent litigation filed by the State of New York and the State of Minnesota in the United States District Court for the Southern District of New York.

    On January 26, 2018, New York and Minnesota filed a complaint against the U.S. Department of Health and Human Services ("HHS") and then-Acting Secretary Eric D. Hargan in the United States District Court for the Southern District of New York regarding the federal government's decision to reduce federal payments for the two states' Basic Health Programs (BHPs) by more than $1 billion a year. *See State of New York v. U.S. Department of Health and Human Services*, No. 18-cv-00683 (S.D.N.Y. filed Jan. 26, 2018). A copy of the complaint is attached.

    BHPs are state-run health insurance programs authorized by the Affordable Care Act that states can elect to run "in lieu of" qualified health plans on exchanges. 42 U.S.C. § 18051(a)(1). New York and Minnesota are the only two states that have elected to operate a BHP (Compl. ¶ 62).[1] BHPs are federally funded through a formula under which the Secretary of HHS "shall transfer" to

---

[1] Because BHPs cover only certain low-income individuals, both New York and Minnesota also continue to run exchanges that offer qualified health plans to individuals who are not eligible for BHP plans (Compl. ¶ 29).

participating states an amount equivalent to 95% of the premium tax credits and cost-sharing reductions (CSRs) that "would have been provided" to BHP enrollees if they "were allowed to enroll in qualified health plans through an Exchange." 42 U.S.C. § 18051(d)(3)(A)(i). The states in turn contract with insurers to make affordable health plans available to certain low-income residents (Compl. ¶¶ 43-44).

HHS did not formally announce that it was reducing New York's and Minnesota's BHP payments until December 21, 2017—more than two months after its decision (announced on October 12, 2017) to stop making CSR payments to insurers offering qualified health plans on exchanges (Compl. ¶¶ 98-100, 108-110). Although BHP payments are governed by a distinct statutory and regulatory regime, HHS's rationale for reducing BHP payments was the same legal argument that it made for cutting off CSR payments: namely, the assertion that the permanent appropriation in 31 U.S.C. § 1324 did not authorize CSR payments (Compl. ¶ 85).

While there is thus some connection to the proceeding before this court, New York and Minnesota have pursued a separate action for several reasons: the BHP funding cutoff involves distinct parties, facts, and statutory and regulatory provisions; the federal defendants have already noted (in a filing in this Court) that venue for BHP litigation "would not lie in this district";[2] and New York and Minnesota have raised distinct legal claims against the BHP funding reduction. In particular, New York and Minnesota challenge HHS's failure to consider or adopt alternative proposals that would have allowed them to adjust their BHP payments by, in essence, adopting the adjustments to premiums that HHS has allowed other states to implement to make up for the loss of CSR payments for exchange plans (Compl. ¶¶ 10-11, 17, 94-97, 104-107). In addition, New York and Minnesota intend to argue that the distinct language of the BHP statute requires full BHP funding regardless of how the § 1324 appropriation is interpreted (Compl. ¶¶ 18, 118).

Although New York and Minnesota thus do not believe that their separate BHP lawsuit is duplicative of the present litigation, we believed it was nevertheless prudent to notify this Court of the new action.

---

[2] Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order at 13 n.9, *State of California v. Trump*, Dkt. No. 35, No. 17-cv-05895-VC (N.D. Cal. filed Oct. 20, 2017)

2

Respectfully submitted,

/s/ Steven C. Wu
STEVEN C. WU
Deputy Solicitor General
steven.wu@ag.ny.gov
(212) 416-6312


Cc: CM/ECF service list

Judge Richard J. Sullivan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Andrew E. Krause
United States Attorney's Office, Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007